UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSE LUCAS MARTINEZ AGUILAR, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil No. 25-13638-LTS |
| ) | |
| JOSEPH D. MCDONALD et al., ) | |
| ) | |
| Respondents. ) | |

ORDER ON MOTION TO ENFORCE JUDGMENT (DOC. NO. 12)

June 5, 2026

SOROKIN, J.

Before the Court is a motion by Jose Lucas Martinez Aguilar, the petitioner in this immigration habeas case, seeking to enforce the previous Order allowing Martinez Aguilar's habeas petition.  Doc. No. 10.[1]  The motion is ALLOWED for the reasons and to the extent described herein.

On May 13, 2026, Judge O'Toole ordered the respondents to provide Martinez Aguilar a bond hearing within a week's time, where "the government bears the burden to either (1) prove by clear and convincing evidence that the petitioner poses a danger to the community or (2) prove by a preponderance of the evidence that the petitioner poses a flight risk."  Doc. No. 10 (citing Hernandez-Lara v. Lyons, 10 F.4th 19, 41 (1st Cir. 2021)).  An immigration judge ("IJ") convened a bond hearing on May 18, 2026, at which she denied bond upon a finding that Martinez Aguilar "is a flight risk by a preponderance of the evidence and there is no amount of

---

[1] This petition was allowed by Judge O'Toole, to whom this matter was originally assigned.  Doc. No. 2.  The case was reassigned on June 2, 2026, to the undersigned.  Doc. Nos. 13, 14.

bond that will mitigate his risk of flight." Doc. No. 11-1 at 2. Days later, Martinez Aguilar filed the motion now pending, arguing that the bond hearing was "perfunctory" and did not comport with the Court's Order because the IJ did not hold the government to its burden of proof. Doc. No. 12.

Rather than oppose the motion, the respondents filed a short memorandum in which they "submit that" Martinez Aguilar's motion "raises similar issues to those recently addressed by this Court in" a recent case where the Court allowed a motion to enforce and ordered that petitioner's immediate release upon a finding that the bond hearing was constitutionally deficient. Doc. No. 16 at 1 (citing Order at 3, Palma Aguirre v. Moniz, No. 26-cv-11927-LTS (D. Mass. May 21, 2026), ECF No. 16).[2] The respondents propose that this motion can be resolved without further argument because, if the Court adheres to the reasoning expressed in Palma Aguirre, "it would reach the same result here." Id.

The Court has listened to the recording of the bond hearing at issue here, which the respondents have produced, and reviewed the exhibits that were submitted to the IJ in connection with that hearing. This record establishes that the bond hearing held in this case failed to comply with Judge O'Toole's order—and the Constitution's due process guarantee.

Just like in Palma Aguirre, the IJ failed to meaningfully engage with the petitioner's substantial evidentiary submissions and arguments in support of his request for bond. See Doc. No. 16-5 (containing approximately seventy pages of exhibits, including twenty-three letters of support and records documenting Martinez Aguilar's ongoing medical care). As this Court has noted in three previous orders resolving similar motions, adjudicating whether to detain or

---

[2] In Palma Aguirre, the respondents conceded that the hearing held by the same IJ who denied Martinez Aguilar bond had failed to comply with this Court's ordered relief in that case.

release another person is one of the more serious matters resolved by judges.  It requires review and consideration of <u>all</u> relevant evidence submitted.  Here, the record (including the recording of the bond hearing) shows that the IJ rested her denial of bond on a single fact from the administrative record—another IJ's denial of relief from removal, in a decision that is not final because Martinez Aguilar has appealed it.  She did not mention, let alone indicate that she had reviewed or evaluated, Martinez Aguilar's ample collection of exhibits.[3]  As the Court has admonished the respondents before, the Constitution's due process guarantee requires more.

The relief ordered in this case required the respondents to do one of two things by May 20, 2026: either provide a bond hearing that accorded with this Court's order and the Constitution's due process guarantee, or release Martinez Aguirre.  Doc. No. 9.  The record establishes that the respondents here did neither—a conclusion they do not even attempt to dispute.  Accordingly, Martinez Aguilar's motion to enforce is ALLOWED.  **The respondents shall RELEASE the petitioner immediately, no later than 8 PM today, June 5, 2026.**  This order is without prejudice to the respondents requiring Martinez Aguilar to comply with reasonable conditions of supervision upon his release, provided such conditions are identified and imposed within seven days of this Order.  The respondents shall, by June 15, 2026, file a status report confirming their compliance with this Order.

SO ORDERED.

 /s/ Leo T. Sorokin
United States District Judge

---

[3] This is the now the fourth case this Court has encountered recently in which the same IJ denied a person bond after a proceeding that was constitutionally deficient, for similar reasons.  <u>See</u> Order at 3 n.1, <u>Palma Aguirre v. Moniz</u>, No. 26-cv-11927-LTS (D. Mass. May 21, 2026), ECF No. 16.  In each case, the IJ denied bond despite having given no consideration at all to fulsome evidence presented by the petitioners.